## Phillips *vs.* Friend.

An appeal to this Court from a judgment of the C. C. Pleas, rendered on a statement of facts agreed by the parties, in an action *commenced originally before a Justice of the Peace,* was not sustained by this Court, under the provisions of statute of 1829, *ch.* 444.

This action was originally commenced before a Justice of the Peace and carried to the Court of Common Pleas, by appeal. While pending there, the parties agreed on a statement of facts, and judgment being rendered thereon, the defendant appealed to this Court, and the question was whether the appeal was sustainable.

The first section of statute of 1829, *ch.* 444, provides for the right of appeal in certain actions, from the judgment in the C. C. Pleas. The second section is as follows : — " That nothing in this Act shall be construed to deprive any party of his right to a writ of error for any error appearing of record in any action, or

to prevent any party aggrieved by the opinion or judgment of said C. C. Pleas, rendered upon *an issue in law*, or *case stated by the parties*, where it is not agreed that the judgment of said Court shall be final, from appealing therefrom to the Supreme Judicial Court," &c.

*Kent*, for the appellant, contended that it was the intention of the statute that all *law questions* should be brought to this Court, in whatever form they might be presented. This was "a case stated by the parties" — and was substantially "an issue in law" — and therefore falls within the language as well as spirit of the law. The language of the statute "that nothing therein contained should be construed to *prevent* an appeal" is equivalent to an express grant of *the right* to appeal.

*T. P. Chandler*, for the appellee.

MELLEN C. J. — The question in this case is, whether an appeal lies to this Court. The action was commenced before a Justice of the Peace, and while the same was pending in the Court of Common Pleas, the parties agreed upon a statement of facts; upon which that Court gave judgment for the plaintiff and from that judgment the defendant has appealed. By the *general* provision of our statute, no appeal lies to this Court from any judgment rendered in the Court of Common Pleas, in any action commenced before a Justice of the Peace, except those removed to the Court of Common Pleas, in consequence of the filing of a plea before a Justice involving the title to real estate. But in the act of 1822, *ch.* 193, it was provided in the 5th section, that in all actions *originally commenced in the Court of Common Pleas*, either party aggrieved may file exceptions to any opinion, direction or judgment of said Court, and being allowed by the Court as correctly stated, the cause may be brought by appeal to this Court for decision. In the 7th section it was provided, that nothing in that act should be construed to deprive any party of his right to a writ of error, or to prevent any party aggrieved by the opinion or judgment of said Court of Common Pleas, rendered upon an issue in law, *or case stated by the parties*, from appealing therefrom to this Court, unless otherwise agreed. The above mentioned section was repealed in 1826, by the 8th section of *ch.*

347.   By the act of 1829, *ch.* 444, *sec.* 2, the above mentioned 5th section of the act of 1822, was re-enacted in the same words. We are thus assisted, by a review of these statutes, in our endeavors to ascertain the true construction to be given to the section in question.   The act of 1822, had reference merely to the organization of the Court of Common Pleas, its jurisdiction and powers ; and its provisions have more immediate relation to those actions which are originated in that Court.   When the same section was re-enacted in 1829, we must presume it was intended to have reference to the same subjects and to receive the same construction.   We are therefore of opinion, that those " *cases stated by the parties,*" mentioned in the second section, are only those *agreed statements* of *facts,* which are made, and those " *issues of law,*" which are joined, in actions *originally* commenced in the Court of Common Pleas.   In other cases, the mode of proceeding must be by *writ of error.*   Accordingly we cannot sustain the appeal.   We would add that the phraseology used in the foregoing section, that nothing therein contained should be construed to *prevent* an appeal in the particular cases mentioned, cannot be considered by this Court as *giving the right* to one, against the express provision of the general law on the subject of appeals.

*Appeal dismissed.*